■ Bossier Plaza Associates Limited Partnership, Respondent, v James F. Pierson, Appellant.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered November 18, 1988, which granted the plaintiff's motion for summary judgment as to liability, dismissed the defendant's defenses and counterclaim, directed a trial only as to damages, and denied defendant's cross motion for summary judgment, is unanimously affirmed, with costs.

This is an action for breach of a real estate limited partnership subscription agreement. Upon the default of defendant purchaser, the plaintiff sold his interest in the partnership and seeks a declaratory judgment. In response, although defendant consented, in the agreement, to the application of New York law, he contends, in the instant action, that the Louisiana Deficiency Judgment Act (La Rev Stat Annot § 13:4106) should apply, since that is the State where the property is located and defendant resides. This Louisiana statute bars a deficiency judgment where there has not been an appraisal of repossessed property.

We find that the IAS court was correct in rejecting defendant's argument that Louisiana law should apply, in view of the fact New York courts honor a contractual designation of a particular State as forum or governing law, so long as there are sufficient contacts with the State named *(Gambar Enters.*

*v Kelly Servs.,* 69 AD2d 297, 303; *see also, Zerman v Ball,* 735 F2d 15, 19-20). Herein, the IAS court found that there were such contacts and, after reviewing the record, we agree.

Significantly, the defendant's contention about the application of Louisiana law was rejected concerning a similar transaction in *600 Grant St. Assocs. Ltd. Partnership v Leon-Dielmann Inv. Partnership* (681 F Supp 1062, 1064). In that case, the United States District Court for the Southern District of New York found sufficient contacts with New York to uphold the parties' choice of law designation. Pursuant to the standard conflict or choice of law analysis, the contractual designation of New York controls (Restatement [Second] of Conflict of Laws § 187 [1], [2] [a]). Concur—Ross, J. P., Asch, Milonas, Ellerin and Wallach, JJ.